# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM G. SCHWAB,** Chapter 7 Trustee, : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-1772** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **CAPITAL BLUE CROSS,** : | |
| **Defendant** : | |
| : | |

| | |
|---|---|
| **PRESIDENTIAL HEALTHCARE CREDIT CORPORATION,** : | |
| : | |
| **Third-Party Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **CAPITAL BLUE CROSS,** : | |
| **Third-Party Defendant** : | |
| : | |

## MEMORANDUM AND ORDER

Presently before the court is the motion to withdraw the reference to the bankruptcy court filed by defendant and third-party defendant, Capital Blue Cross (hereinafter "CBC"). (Doc. No. 1). CBC has shown cause for the court to permissively withdraw the reference pursuant to 28 U.S.C. §157(d). Other parties to the matter do not oppose the CBC's motion and, as such, the motion will be **GRANTED**.

I.   **BACKGROUND**

The adversary proceeding pending before the bankruptcy court was commenced on November 21, 2012 with the filing of the Plaintiff-Trustee William G. Schwab's complaint. *William G. Schwab v. Capital Blue Cross*, 5:12-ap-00318, Doc. No. 1). On April 26, 2013, Third-Party Plaintiff Presidential Healthcare Credit Corporation filed a complaint in intervention seeking to defend the superiority of its security interests. (Schwab, 5:12-ap-00318, Doc. No. 16). On May 22, 2013, the plaintiff-trustee filed an amended complaint seeking the recovery of property and alleging fraudulent transfers under 11 U.S.C. §§ 542, 553 and 550. (Schwab, 5:12-ap-00318, Doc. No. 38). On June 26, 2013, CBC filed the instant motion in the bankruptcy court. (Schwab, 5:12-ap-00318, Doc. No. 51).

On June 28, 2013, the instant motion was transferred to this court for review. (Doc. No. 1). CBC argues both that the reference should be mandatorily withdrawn because it will require significant interpretation of federal law and, alternatively, that cause exist to withdraw the reference because the CBC is entitled to a jury trial and the bankruptcy court lacks proper Constitutional authority to resolve some of the claims.

On July 11, 2013, Presidential Healthcare Credit Corporation filed a response indicating that it did not oppose motion. (Doc. No. 11). Similarly, on July 29, 2013, Plaintiff-Trustee William G. Schwab submitted a letter

2

indicating that he did not oppose the motion. (Doc. No. 9).

## II. DISCUSSION

Section 157(d) of the Judicial Code allows for both mandatory and permissive withdraw of a district court's reference of a matter to the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. §157(d). With regard to the second sentence of §157, which provides for mandatory withdraw, "[c]ourts have recognized that a literal interpretation of this provision could result in an 'escape hatch' through which most bankruptcy matters could routinely be removed to the district court." *United States v. Delfasco, Inc.*, 409 B.R. 704, 707 (D. Del. 2009) (citing *In re Quaker City Gear Works, Inc.*, 128 B.R. 711, 713 (E.D.Pa.1991)). Therefore, courts "have interpreted the mandatory withdrawal provision of §157(d) to apply only where the action requires a 'substantial and material' consideration of federal law outside the Bankruptcy Code." *Id.* (citing In re Continental Airlines, 138 B.R. 442, 444-46 (D.Del.1992)). Moreover, a straightforward application of federal law will not warrant a mandatory withdrawal of the reference by the district court. *Id.*

3

CBC argues that underlying adversary proceeding will require significant interpretation of the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA") and the Internal Revenue Code 26 U.S.C. §1, *et seq.*, ("IRC"). Based on the limited record, however, the court is unable to determine whether the questions of law presented in the complaint will, in fact, require significant interpretation of these federal statutes. Although CBC asserts that the interplay of ERISA and the IRC contains an implicit complexity, the court believes that employee benefit payments and related tax considerations are often part of proceedings before the bankruptcy court and do not, by necessity, include issues beyond a straightforward application of federal law. As such, the court finds that the record does not support a conclusive finding as to whether mandatory withdrawal is required. Nevertheless, the court finds that a permissive withdrawal of the reference is appropriate.

The first sentence of §157(d) authorizes a court to withdraw the reference to the bankruptcy court "for cause shown." The Third Circuit has held that, although there is no defined standard of what constitutes cause: "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)

(citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985))(internal quotations omitted); *see also In re Dwek*, 2010 WL 2545174, *4 (D.N.J. June 18, 2010). Court have also considered judicial economy as a key factor. *In re Gruppo Antico, Inc.*, 2005 WL 3654215, *1 (D.Del. July 1, 2005) (citing *NDEP Corp. V. Handl-It, Inc.* (*In re NDEP Corp.*), 203 B.R. 905, 913 (D.Del.1996)); *accord In re Star Creditors' Liquidating Trust*, 2004 WL 406353, *1 (D.Del. Mar. 3, 2004).

CBC argues that there is sufficient cause to withdraw the reference because it has a right to a jury trial on the claims raised in both the plaintiff-trustee's complaint and the third-party complaint. In addition, CBC cites §157(e) of the Judicial Code that proscribes the authority of the bankruptcy court to conduct jury trials:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. §157(e). CBC states that it has not filed a proof of claim with the bankruptcy court and has, at all times, asserted its Seventh Amendment right to a trial by jury. (Doc. No. 1 at 21-25). Moreover, CBC asserts that it has not and does not consent to the jurisdiction of the bankruptcy court. Reviewing the claims alleged in the plaintiff's amended complaint, for example, those for tortious interference with contract and to recover specific

5

contract damages as well as claims in the third-party complaint, including those for repelvin and rights under the Uniform Commercial Code, the court finds that CBC is entitled to a jury trial with respect to many of the claims raised. Moreover, neither the plaintiff nor the third-party plaintiff have opposed the defendant's claim of a right to trial by jury. Finally, to the extent that the CBC does not have a constitutional right to a trial by jury for all claims levied against it, judicial economy warrants withdrawal of the reference in light of the prevalent Seventh Amendment concerns.

**THEREFORE, IT IS HEREBY ORDERED, THAT:**

**(1)** The motion to withdraw the reference to the bankruptcy court filed by Defendant Capital Blue Cross, (Doc. No. 1), is **GRANTED** to the extent that the court finds permissive withdraw pursuant to 28 U.S.C. §157(d) to be appropriate;

**(2)** The Clerk is directed to forward a copy of this order to the United States Bankruptcy Court for the Middle District of Pennsylvania;

**(3)** Counsel is directed to file, on or before **August 9, 2013**, all pertinent documents from the bankruptcy proceeding (5:12-ap-0318) into the docket this civil action (3:13-cv-1772);

**(4)** So as to clarify the record of this independent civil action, Defendant Capital Blue Cross is directed, on or before **August 9, 2013**, to notify the court of whether it agrees to waive service with

respect to the both the plaintiff's amended complaint and the third-party plaintiff's intervening complaint which are now before this court;

**(5)** Upon receipt of the relevant documents and the statement from Capital Blue Cross regarding service, the court will issue a scheduling order.

**(6)** The court may, in its discretion, refer the matter back to the Bankruptcy Court following completion of those matters outside the Bankruptcy Code.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:　August 1, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1772-01.wpd